Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC,<br><br>                            Debtor. | Chapter 11<br><br>Case No. 19-76260 (AST) |
| RONALD WINTERS, as Plan Administrator under the Chapter 11 Plan of Absolut Facilities Management, LLC,<br>                            Plaintiff,<br><br>v.<br><br>BONADIO & CO., LLP<br>                            Defendant. | Adv. Proc. No. 22-_____<br><br>**COMPLAINT** |

Plaintiff Ronald Winters, as Plan Administrator ("Plaintiff") under the Chapter 11 Plan of Absolut Facilities Management, LLC ("Debtor"), alleges:

**THE PARTIES**

1. Plaintiff is the Plan Administrator under the Debtor's Chapter 11 Plan, which was confirmed May 17, 2020 and became effective May 20, 2020. The Debtor was the management company for leased, skilled nursing and assisted living facilities owned and operated by certain of its subsidiaries.

2. Defendant Bonadio & Co., LLP ("Bonadio") is a Vermont LLP with multiple offices in New York, that inter alia provided audit services for the benefit of the Debtor and certain of its subsidiaries.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1334(b) and 157(a).

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

5. Plaintiff consents to the Court's entering final judgment on his claim.

6. This action is properly venued in this district under 28 U.S.C. § 1409.

## BACKGROUND

7. Pursuant to an engagement letter dated April 15, 2019, the Debtor engaged Bonadio to provide audit services for certain of its subsidiaries, for the year ended December 31, 2018. Said services included review of financial statements and issuance of a written audit report as to each subsidiary.

8. Bonadio invoiced the Debtor for services rendered in the amount of $137,278. Pursuant to the engagement terms, payment was due on presentment of the invoices.

9. However, the Debtor failed to timely pay the invoices, and as a result Bonadio conditioned its release of the audit reports on receipt of $120,000.

10. The Debtor made nine payments to Bonadio by credit card on September 10, 2019 in the following amounts: $7,100, $14,426, $13,500, $17,376, $8,500, $14,426, $14,000, $15,750 and $14,922 (together, "Subject Payments") (totaling $120,000).

11. On September 10, 2019, after making said payments, the Debtor (at 10:37 p.m.) and later the subsidiaries as to which Bonadio agreed to provide audit services, commenced chapter 11 cases.

12. Bonadio transmitted its audit reports for the respective subsidiaries to the Debtor on September 13, 2019.

# FIRST CLAIM FOR RELIEF
**Avoidance and Recovery under 11 U.S.C. §§ 547 and 550**

13. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if they were fully restated.

14. Each of the Subject Payments was made on account of an antecedent debt for services previously rendered.

15. The Debtor was balance sheet insolvent when the Subject Payments were made.

16. The Subject Payments enabled Bonadio to receive more than it would had said payments not been made and Bonadio instead received payment on account of its resulting claim in a chapter 7 case.

WHEREFORE, judgment should be entered against Bonadio in the amount of $120,000, plus prejudgment interest and costs, and such other and further relief as this Court deems just and proper.

Dated: New York, New York  
      March 31, 2022

AMINI LLC

/s/ Jeffrey Chubak  
Jeffrey Chubak  
131 West 35th Street, 12th Floor  
New York, New York 10001  
(212) 490-4700  
jchubak@aminillc.com  
*Attorneys for Plaintiff*